UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

REINALDO RAFAEL GONZALES-VALDEZ,
    a/k/a "Mariguana,"
    a/k/a "Marijuana,"
JOSE MANUEL GUERRERO-ZARATE,
    a/k/a "Mantequilla,"
JOSE DAVID VALENCIA-DE LA ROSA,
JOHAN CARLOS MUJICA-URPIN,
    a/k/a "Sobrino,"
LUIS JOSE VELASQUEZ-HURTADO,
    a/k/a "Chito,"
GUILLERMO ENRIQUE FREITES-VELAZQUEZ,
JESUS DAVID BARRIOS GARCIA,
    a/k/a "Morocho,"
ENRIQUE GUSTAVO BOADA YANEZ,
    a/k/a "Chino,"
JESUS RUBEN LOPEZ GONZALEZ,
    a/k/a "Lopez,"
DANGER LEONER SANCHEZ ALFONZO,
    a/k/a "Danger,"
ANDERSON JESUS DURAN BERROTERAN,
    a/k/a "Cachorro,"
ROIMAN NOE BELLO FERRER,
LUIS MIGUEL RODRIGUEZ-TAPIA,
MARIO ANDRES PEREDA,
    a/k/a "Cara de Hombre,"
ANDERSON SMITH ZAMBRANO-PACHECO,
KEISWUEL ORLANDO PALACIOS MILANO,
    a/k/a "Oturache,"
    a/k/a "Inmortalidad,"
YEFERSON ALEJANDRO PRIETO GALVIZ,
    a/k/a "Flaco T,"
    a/k/a "Flacote,"
JHONKENNEDY BRAVO-CASTRO,
    a/k/a "Negrito,"
YENDER MAYKIER MATA,
ERVIN HERNANDEZ,
    a/k/a "Coco,"
    a/k/a "Coquito,"

**SEALED SUPERSEDING INDICTMENT**

S4 25 Cr. 76 (MKV)

KERLYN NATALIY PEREZ-LOPEZ,
    a/k/a "Mou,"
WILFREDO JOSE AVENDAÑO CARRIZALEZ,
    a/k/a "Kabuvy,"
CARLOS GABRIEL SANTOS MOGOLLON,
KELLEN ALEJANDRO JASPE BUSTAMANTE, and
LUIS ANDRES BELLO-CHACON,
    a/k/a "Care de Peo,"

                Defendants.

## COUNT ONE
### (Racketeering Conspiracy)
**(REINALDO RAFAEL GONZALES-VALDEZ, JOSE MANUEL GUERRERO-ZARATE, JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, LUIS JOSE VELASQUEZ-HURTADO, GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, ENRIQUE GUSTAVO BOADA YANEZ, JESUS RUBEN LOPEZ GONZALEZ, DANGER LEONER SANCHEZ ALFONZO, ANDERSON JESUS DURAN BERROTERAN, ROIMAN NOE BELLO FERRER, LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, ANDERSON SMITH ZAMBRANO-PACHECO, KEISWUEL ORLANDO PALACIOS MILANO, YEFERSON ALEJANDRO PRIETO GALVIZ, JHONKENNEDY BRAVO-CASTRO, YENDER MAYKIER MATA, ERVIN HERNANDEZ, KERLYN NATALIY PEREZ-LOPEZ, KELLEN ALEJANDRO JASPE BUSTAMANTE, LUIS ANDRES BELLO-CHACON)**

The Grand Jury charges:

At all times relevant to this Indictment:

### THE ANTI-TREN ENTERPRISE

1.    REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," ANDERSON JESUS DURAN BERROTERAN, a/k/a "Cachorro,"

ROIMAN NOE BELLO FERRER, LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, a/k/a "Cara de Hombre," ANDERSON SMITH ZAMBRANO-PACHECO, KEISWUEL ORLANDO PALACIOS MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," YEFERSON ALEJANDRO PRIETO GALVIZ, a/k/a "Flaco T," a/k/a "Flacote," JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," KELLEN ALEJANDRO JASPE BUSTAMANTE, and LUIS ANDRES BELLO-CHACON, a/k/a "Care de Peo," the defendants, and others known and unknown, were members and associates of the Anti-Tren Enterprise, an organization that operated throughout New York City, including in the boroughs of the Bronx and Queens, in New Jersey, and Seattle, Chicago, and elsewhere. Members and associates of the Anti-Tren Enterprise engaged in, among other activities, acts involving murder and assault, sex trafficking, human smuggling, trafficking of controlled substances, firearms trafficking, and robberies. The Anti-Tren Enterprise was almost exclusively comprised of former members and associates of the Venezuelan transnational criminal organization Tren de Aragua or "TDA." Anti-Tren included subgroups, including, among others, the "Espartanos."

2.    The Anti-Tren Enterprise ("Anti-Tren" or the "Enterprise"), including its leaders, members, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

3. REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," ANDERSON JESUS DURAN BERROTERAN, a/k/a "Cachorro," ROIMAN NOE BELLO FERRER, LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, a/k/a "Cara de Hombre," ANDERSON SMITH ZAMBRANO-PACHECO, KEISWUEL ORLANDO PALACIOS MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," YEFERSON ALEJANDRO PRIETO GALVIZ, a/k/a "Flaco T," a/k/a "Flacote," JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," KELLEN ALEJANDRO JASPE BUSTAMANTE, and LUIS ANDRES BELLO-CHACON, a/k/a "Care de Peo," the defendants, were members and associates of Anti-Tren and participated in unlawful and other activities in furtherance of the conduct of Anti-Tren's affairs.

<u>PURPOSES OF THE ANTI-TREN ENTERPRISE</u>

4. The purposes of Anti-Tren included the following:

a. Preserving and protecting the power and territory of Anti-Tren and its members and associates through acts involving murder, assault, other acts of violence, and threats of violence, including acts of violence and threats of violence directed at members and associates of Tren de Aragua.

4

b.     Enriching the members and associates of Anti-Tren through, among other things, (i) the unlawful smuggling of individuals, including young women from Venezuela, into the United States, (ii) the sex trafficking of young women (whom members and associates of Anti-Tren often refer to as "multadas") who had been unlawfully smuggled into the United States, (iii) the trafficking of controlled substances, principally a mixed substance called "tusi" that contains ketamine, and (iv) armed robberies.

c.     Keeping victims and potential victims in fear of Anti-Tren and its members and associates through threats and acts of violence.

d.     Promoting and enhancing Anti-Tren and the reputation and activities of its members and associates.

e.     Providing assistance to members and associates of Anti-Tren who committed crimes for and on behalf of Anti-Tren, such as lodging and interstate transportation for members and associates of Anti-Tren to flee prosecution, or bail money for members or associates of Anti-Tren who are detained.

f.     Protecting Anti-Tren and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation, threats, and violence against potential witnesses to crimes committed by members of Anti-Tren.

MEANS AND METHODS OF THE ANTI-TREN ENTERPRISE

5.     Among the means and methods by which the members and associates conducted and participated in the conduct of the affairs of Anti-Tren were the following:

a.     Members and associates of Anti-Tren committed and conspired, attempted, and threatened to commit, acts of violence, including acts involving murder and assault, to protect

and to expand Anti-Tren's criminal operations, resolve disputes within Anti-Tren, and to retaliate against rival organizations, including Tren de Aragua.

b. Members and associates of Anti-Tren engaged in human smuggling and sex trafficking of young women they referred to as "multadas," whom Anti-Tren transported from Venezuela and other countries into the United States in exchange for debts that the "multadas" would pay back to Anti-Tren by engaging in commercial sex work in the United States. Members of Anti-Tren enforced compliance among "multadas" by, among other things, (i) threatening to kill "multadas" and their families, (ii) assaulting "multadas" (for example, by pistol-whipping them), (iii) shooting or killing "multadas," (iv) seizing United States immigration documents belonging to "multadas" and family members of "multadas," (v) tracking down and kidnapping "multadas" who tried to flee, and (vi) increasing the debts that the "multadas" owed. Members of Anti-Tren also sometimes raped and sexually assaulted "multadas."

c. Members and associates of Anti-Tren committed robberies.

d. Members and associates of Anti-Tren obtained, possessed, trafficked, and used firearms and ammunition.

e. Members and associates of Anti-Tren distributed and possessed with intent to distribute controlled substances, principally a mixed substance called "tusi" that contains ketamine.

f. Members and associates of Anti-Tren at times allied with other Venezuelan criminal groups, including TDA and Cota 905.

<u>THE RACKETEERING CONSPIRACY</u>

6. From at least in or about 2022 through at least in or about 2026, in the Southern District of New York and elsewhere, REINALDO RAFAEL GONZALES-VALDEZ, a/k/a

"Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," ANDERSON JESUS DURAN BERROTERAN, a/k/a "Cachorro," ROIMAN NOE BELLO FERRER, LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, a/k/a "Cara de Hombre," ANDERSON SMITH ZAMBRANO-PACHECO, KEISWUEL ORLANDO PALACIOS MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," YEFERSON ALEJANDRO PRIETO GALVIZ, a/k/a "Flaco T," a/k/a "Flacote," JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," KELLEN ALEJANDRO JASPE BUSTAMANTE, and LUIS ANDRES BELLO-CHACON, a/k/a "Care de Peo," the defendants, and others known and unknown, being persons employed by and associated with Anti-Tren, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of Anti-Tren through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), which pattern of racketeering activity consisted of:

      a.    multiple acts involving:

          i.    murder, chargeable under the following provisions of New York State law: New York Penal Law, Sections 125.25 (murder), 105.15 (conspiracy), 110.00 (attempt),

and 20.00 (aiding and abetting); Title 720 of the Illinois Compiled Statutes, Sections 5/9-1 (first-degree murder), 5/8-2 (conspiracy), 5/8-4 (attempt), 5/5-2(c) (aiding and abetting);

      i.     kidnapping, chargeable under the following provisions of state law: New York Penal Law, Sections 135.20, 135.25 (kidnapping), 105.15 (conspiracy), 20.00 (aiding and abetting); Title 720 of the Illinois Compiled Statutes, Sections 5/10-1(a)(2) (kidnapping by force or threat of force), 5/8-2 (conspiracy), 5/8-4 (attempt), 5/5-2(c) (aiding and abetting); Title 9A of the Revised Code of Washington, Sections 9A.40.020 (kidnapping), 9A.28.040 (conspiracy), 9A.28.020 (attempt), 9A.08.020 (accomplice);

      ii.     robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); Title 720 of the Illinois Compiled Statutes, Sections 5/18-1(a), (b) (robbery), 5/8-2 (conspiracy), 5/8-4 (attempt), 5/5-2(c) (aiding and abetting);

      iii.     extortion, chargeable under the following provisions of state law: New York Penal Law, Sections 155.05(2)(e) and 155.40(2) (larceny by extortion), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting); Title 720 of the Illinois Compiled Statutes, Sections 5/16-1(a)(3) (obtaining property by threats), 5/8-2 (conspiracy), 5/8-4 (attempt), 5/5-2(c) (aiding and abetting);

      b.     multiple acts indictable under:

      i.     Title 18, United States Code, Sections 1589 and 1590 (relating to forced labor and trafficking with respect to forced labor);

ii.     Title 18, United States Code, Section 1591 (relating to sex trafficking by force, fraud, and coercion), and Title 18, United States Code, Section 1592 (relating to unlawful conduct with respect to documents in furtherance of trafficking and forced labor);

iii.    Title 18, United States Code, Section 933 (relating to trafficking in firearms);

iv.     Title 18, United States Code, Sections 1951 (relating to interference with commerce, robbery, or extortion);

v.      Title 18, United States Code, Section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire);

vi.     Title 18, United States Code, Sections 2314 and 2315 (relating to interstate transportation of stolen property); and

c.      multiple offenses involving dealing in controlled substances, including ketamine, marihuana, cocaine, 3,4-methylenedioxy-methamphetamine (MDMA), and lysergic acid diethylamide (LSD), punishable under Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

7.      It was a part of the conspiracy that REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ENRIQUE . GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," ANDERSON JESUS

9

DURAN BERROTERAN, a/k/a "Cachorro," ROIMAN NOE BELLO FERRER, LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, a/k/a "Cara de Hombre," ANDERSON SMITH ZAMBRANO-PACHECO, KEISWUEL ORLANDO PALACIOS MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," YEFERSON ALEJANDRO PRIETO GALVIZ, a/k/a "Flaco T," a/k/a "Flacote," JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," KELLEN ALEJANDRO JASPE BUSTAMANTE, and LUIS ANDRES BELLO-CHACON, a/k/a "Care de Peo," the defendants, agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of Anti-Tren.

NOTICE OF SPECIAL SENTENCING FACTORS

8.     As part of the agreement to conduct and participate in the conduct of the affairs of Anti-Tren through a pattern of racketeering activity, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, committed the following acts:

Murder of Adrian Mendoza Isturiz

9.     On or about April 15, 2024, in the Southern District of New York and elsewhere, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, murdered Adrian Mendoza Isturiz, and aided and abetted the same, in the vicinity of 279 East 149th Street in the Bronx, New York, in that MATA, HERNANDEZ, and PEREZ-LOPEZ:

a.     with intent to cause the death of Adrian Mendoza Isturiz, did cause Adrian Mendoza Isturiz's death, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(1) and 20.00; and

b.      under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of another person, to wit Adrian Mendoza Isturiz, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(2) and 20.00.

<u>Murder of Jhombeyker Jose Bisbal Pina</u>

10.    On or about April 15, 2024, in the Southern District of New York and elsewhere, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, murdered Jhombeyker Jose Bisbal Pina, and aided and abetted the same, in the vicinity of 279 East 149th Street in the Bronx, New York, in that MATA, HERNANDEZ, and PEREZ-LOPEZ:

a.      with intent to cause the death of Jhombeyker Jose Bisbal Pina, did cause Jhombeyker Jose Bisbal Pina's death, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(1) and 20.00; and

b.      under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of another person, to wit Jhombeyker Jose Bisbal Pina, and aided and abetted the same, in violation of New York Penal Law, Sections 125.25(2) and 20.00.

Murder for Hire Conspiracy Resulting in Deaths of
<u>Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina</u>

11.    In or about April 2024, in the Southern District of New York and elsewhere, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, traveled in and caused another person to travel in interstate and foreign commerce, and used and caused another person to use the mail and a facility of interstate and foreign commerce, with intent that a murder be

committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, which resulted in the death of another person, and aided and abetted the same, to wit, MATA, HERNANDEZ, and PEREZ-LOPEZ agreed that PEREZ-LOPEZ, among other co-conspirators, would travel from Chicago to New York City and that MATA, HERNANDEZ, and PEREZ-LOPEZ, among co-conspirators, would use cellphones to communicate with one another, all with the intent that a murder be committed in New York City as consideration for the receipt of multiple items of pecuniary value, including a quantity of a controlled substance, all of which resulted in the death of Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina, whom one of the conspirators shot and killed in a vehicle on or about April 15, 2024, in violation of Title 18, United States Code Section, 1958.

Sex Trafficking

12.    In or about 2024, in the Southern District of New York and elsewhere, LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, to wit, VELASQUEZ-HURTADO knowingly recruited, enticed, harbored, transported, provided, and maintained a young woman from Venezuela ("Trafficking Victim-1"), including in Manhattan and the Bronx, New York and caused Trafficking Victim-1 to engage in commercial sex acts in the United States, knowing and in reckless disregard of the fact that force, threats of force, fraud

and coercion, including the means as described above in Paragraph 5.b of this Indictment, which is repeated and incorporated by reference as though fully set forth herein, would be used to cause Trafficking Victim-1 to engage in commercial sex acts, in violation of 18 U.S.C. § 1591(a).

13. In or about 2024, in the Southern District of New York and elsewhere, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," and DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," the defendants, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, to wit, BARRIOS GARCIA, BOADA YANEZ, LOPEZ GONZALEZ, and SANCHEZ ALFONZO knowingly recruited, enticed, harbored, transported, provided, and maintained a young woman from Venezuela ("Trafficking Victim-2"), including in Seattle, Washington and the Bronx, New York, and caused Trafficking Victim-2 to engage in commercial sex acts in the United States, knowing and in reckless disregard of the fact that force, threats of force, fraud and coercion, including the means as described above in Paragraph 5.b of this Indictment, which is repeated and incorporated by reference as though fully set forth herein, would be used to cause Trafficking Victim-2 to engage in commercial sex acts, in violation of 18 U.S.C. § 1591(a).

(Title 18, United States Code, Section 1962(d).)

**COUNT TWO**
**(Sex Trafficking Conspiracy)**
**(REINALDO RAFAEL GONZALES-VALDEZ, JOSE MANUEL GUERRERO-ZARATE, JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, LUIS**

**. JOSE VELASQUEZ-HURTADO, GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, ENRIQUE GUSTAVO BOADA YANEZ, JESUS RUBEN LOPEZ GONZALEZ, DANGER LEONER SANCHEZ ALFONZO, ANDERSON JESUS DURAN BERROTERAN, LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, ANDERSON SMITH ZAMBRANO-PACHECO, JHONKENNEDY BRAVO-CASTRO)**

The Grand Jury further charges:

14. From at least in or about 2022 through at least in or about 2025, in the Southern District of New York and elsewhere, REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," ANDERSON JESUS DURAN BERROTERAN, a/k/a "Cachorro," LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, a/k/a "Cara de Hombre," ANDERSON SMITH ZAMBRANO-PACHECO, and JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," the defendants, and others known and unknown, knowingly, in and affecting interstate commerce, combined, conspired, confederated, and agreed to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize and solicit, by any means, persons, and to benefit, financially and by receiving anything of value, from participation in a venture which has engaged in any such act, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, and any combination of such means, would be used to cause the persons to engage in commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a) and (b)(1), to wit, GONZALES-VALDEZ, GUERRERO-ZARATE, VALENCIA-DE LA ROSA, MUJICA-URPIN, VELASQUEZ-

14

HURTADO, FREITES-VELAZQUEZ, BARRIOS GARCIA, BOADA YANEZ, LOPEZ GONZALEZ, SANCHEZ ALFONZO, DURAN BERROTERAN, RODRIGUEZ-TAPIA, PEREDA, ZAMBRANO-PACHECO, and BRAVO-CASTRO, and others known and unknown, agreed to recruit, entice, harbor, transport, provide and maintain young women from Venezuela (the "Trafficking Victims") and cause the Trafficking Victims to engage in commercial sex acts in the United States, including in the Bronx, New York and in Seattle, Washington, knowing and in reckless disregard of the fact that force, threats of force, fraud and coercion would be used to cause the Trafficking Victims to engage in commercial sex acts.

(Title 18, United States Code, Section 1594(c).)

## COUNT THREE
### (Alien Importation and Harboring for Immoral Purpose Conspiracy)
**(REINALDO RAFAEL GONZALES-VALDEZ, JOSE MANUEL GUERRERO-ZARATE, JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, LUIS JOSE VELASQUEZ-HURTADO, GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, ENRIQUE GUSTAVO BOADA YANEZ, JESUS RUBEN LOPEZ GONZALEZ, DANGER LEONER SANCHEZ ALFONZO, ANDERSON JESUS DURAN BERROTERAN, LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, ANDERSON SMITH ZAMBRANO-PACHECO, JHONKENNEDY BRAVO-CASTRO)**

The Grand Jury further charges:

15.     From at least in or about 2022 through at least in or about 2025, in the Southern District of New York and elsewhere, REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," ANDERSON JESUS DURAN

15

BERROTERAN, a/k/a "Cachorro," LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, a/k/a "Cara de Hombre," ANDERSON SMITH ZAMBRANO-PACHECO, and JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, the illegal importation and harboring of aliens for prostitution or any other immoral purpose, in violation of Title 8, United States Code, Section 1328.

      16.   It was a part and object of the conspiracy that REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," and DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," ANDERSON JESUS DURAN BERROTERAN, a/k/a "Cachorro," LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, a/k/a "Cara de Hombre," ANDERSON SMITH ZAMBRANO-PACHECO, and JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," the defendants, and others known and unknown, would and did, directly and indirectly, import, and attempt to import into the United States one and more aliens for the purpose of prostitution and for any other immoral purpose, and did hold and attempt to hold one and more aliens for any such purpose in pursuance of such illegal importation, and did keep, maintain, control, support, employ, and harbor in any house or other place, for the purpose of prostitution and for any other immoral purpose, any alien, in pursuance of such illegal importation, in violation of Title 8, United States Code, Section 1328.

<u>Overt Acts</u>

17. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about 2024, JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," the defendant, caused an alien from Venezuela ("Trafficking Victim -3") to be maintained and harbored at a location in the Bronx, New York, so that Trafficking Victim -3 could engage in prostitution for the benefit of GUERRERO-ZARATE and others.

b. In or about 2024, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," the defendant, caused another alien from Venezuela ("Trafficking Victim-4") to be maintained and harbored at a location in the Bronx, New York, so that Trafficking Victim-4 could engage in prostitution for the benefit of BARRIOS GARCIA and others.

(Title 18, United States Code, Section 371.)

**COUNT FOUR**
**(Drug Trafficking Conspiracy)**
**(REINALDO RAFAEL GONZALES-VALDEZ, JOSE MANUEL GUERRERO-ZARATE, JOHAN CARLOS MUJICA-URPIN, GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, ROIMAN NOE BELLO FERRER, ANDERSON SMITH ZAMBRANO-PACHECO, YEFERSON ALEJANDRO PRIETO GALVIZ, YENDER MAYKIER MATA, KELLEN ALEJANDRO JASPE BUSTAMANTE, LUIS ANDRES BELLO-CHACON)**

The Grand Jury further charges:

18. From at least in or about 2022 through at least in or about 2025, in the Southern District of New York and elsewhere, REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ROIMAN NOE BELLO FERRER,

17

ANDERSON SMITH ZAMBRANO-PACHECO, YEFERSON ALEJANDRO PRIETO GALVIZ, a/k/a "Flaco T," a/k/a "Flacote," YENDER MAYKIER MATA, KELLEN ALEJANDRO JASPE BUSTAMANTE, and LUIS ANDRES BELLO-CHACON, a/k/a "Care de Peo," the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

19.   It was a part and an object of the conspiracy that REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ROIMAN NOE BELLO FERRER, ANDERSON SMITH ZAMBRANO-PACHECO, YEFERSON ALEJANDRO PRIETO GALVIZ, a/k/a "Flaco T," a/k/a "Flacote," YENDER MAYKIER MATA, KELLEN ALEJANDRO JASPE BUSTAMANTE, and LUIS ANDRES BELLO-CHACON, a/k/a "Care de Peo," the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

20.   The controlled substance involved in the offense was a mixture and substance containing a detectable amount of ketamine, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## COUNT FIVE
### (Firearm Use, Carrying, and Possession)
**(REINALDO RAFAEL GONZALES-VALDEZ, JOSE MANUEL GUERRERO-ZARATE, JOHAN CARLOS MUJICA-URPIN, GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, ROIMAN NOE BELLO FERRER, ANDERSON SMITH ZAMBRANO-PACHECO, YEFERSON ALEJANDRO PRIETO GALVIZ, YENDER**

**MAYKIER MATA, KELLEN ALEJANDRO JASPE BUSTAMANTE,**
**LUIS ANDRES BELLO-CHACON)**

The Grand Jury further charges:

21. From at least in or about 2022 through at least in or about 2025, in the Southern District of New York and elsewhere, REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ROIMAN NOE BELLO FERRER, ANDERSON SMITH ZAMBRANO-PACHECO, YEFERSON ALEJANDRO PRIETO GALVIZ, a/k/a "Flaco T," a/k/a "Flacote," YENDER MAYKIER MATA, KELLEN ALEJANDRO JASPE BUSTAMANTE, and LUIS ANDRES BELLO-CHACON, a/k/a "Care de Peo," the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count Four of this Indictment, knowingly used and carried one or more firearms, and in furtherance of such crime, possessed one or more firearms, and aided and abetted the use, carrying, and possession of one or more firearms.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

### COUNT SIX
**(Obstruction of Justice)**
**(LUIS JOSE VELASQUEZ-HURTADO)**

The Grand Jury further charges:

22. On or about January 17, 2025, in the Southern District of New York and elsewhere, LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, corruptly obstructed, influenced, and impeded an official proceeding, and attempted to do so, to wit, VELASQUEZ-HURTADO attempted to bite law enforcement officers executing a premises search warrant so

that they would be unable to access the contents of his cellphone and refused to comply with a judicial order to unlock the cellphone.

(Title 18, United States Code, Section 1512(c) and 2.)

## COUNT SEVEN
### (Possession of Ammunition by an Illegal Alien)
### (KELLEN JASPE BUSTAMENTE)

The Grand Jury further charges:

23. On or about October 5, 2024, in the Southern District of New York and elsewhere, KELLEN JASPE BUSTAMENTE, the defendant, knowing that he was an alien illegally and unlawfully in the United States, knowingly possessed and aided and abetted the possession of ammunition, to wit, BUSTMANTE possessed ammunition, to wit, one cartridge of Fiocchi USA ammunition and one cartridge of ATS Ammunition Suvenir Samokov ammunition, and the ammunition was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(5) and 2.)

## COUNT EIGHT
### (Possession of a Firearm and Ammunition by a Fugitive from Justice and Illegal Alien)
### (ANDERSON SMITH ZAMBRANO-PACHECO)

The Grand Jury further charges:

24. From at least in or about November 2024 through at least in or about January 2025, in the Southern District of New York and elsewhere, ANDERSON SMITH ZAMBRANO-PACHECO, the defendant, knowing he was a fugitive from justice and an alien illegally and unlawfully in the United States, knowingly possessed and aided and abetted the possession of a firearm and ammunition, to wit, a Smith and Wesson Pro Series 9mm pistol and one cartridge of

Maxxtech ammunition and one cartridge of Federal Cartridge 9mm ammunition, and the firearm and ammunition were in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(2) and (5), and 2.)

**COUNT NINE**
**(Possession of Firearms and Ammunition by an Illegal Alien)**
**(JHONKENNEDY BRAVO-CASTRO)**

The Grand Jury further charges:

25. In or about November 2024, in the Southern District of New York and elsewhere, JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," the defendant, knowing he was an alien illegally and unlawfully in the United States, knowingly possessed firearms and ammunition, and aided and abetted the same, to wit, BRAVO-CASTRO possessed and aided and abetted the possession of (a) a Glock Model 19 9mm pistol, (b) a STAG Arms Model Stag-15 rifle, (c) a DPMS rifle, (d) two cartridges of Speer ammunition, (e) twelve cartridges of G.F.L. ammunition, and (f) one cartridge of Tulammo ammunition, and the firearms and ammunition were in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(5) and 2.)

**COUNT TEN**
**(Possession of a Firearm and Ammunition by an Illegal Alien)**
**(WILFREDO JOSE AVENDAÑO CARRIZALEZ,**
**CARLOS GABRIEL SANTOS MOGOLLON)**

The Grand Jury further charges:

26. On or about January 14, 2025, in the Southern District of New York and elsewhere, WILFREDO JOSE AVENDAÑO CARRIZALEZ and CARLOS GABRIEL SANTOS MOGOLLON, the defendants, each knowing that he was an alien illegally and unlawfully in the United States, knowingly possessed and aided and abetted the possession of firearms and ammunition, to wit, a Glock 9mm firearm, a Taurus 9mm firearm, two cartridges of Federal

Cartridge 9mm Luger ammunition, three cartridges of Precision Made Cartridges 9mm Luger ammunition, one cartridge of Federal 380 Auto Caliber ammunition, four cartridges of Blazer 9mm Luger ammunition, and two cartridges of Winchester 9mm Luger ammunition, and the firearms and ammunition were in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(5) and 2.)

### COUNT ELEVEN
**(Violent Crime in Aid of Racketeering – Murder of Adrian Mendoza Isturiz)**
**(YENDER MAYKIER MATA, ERVIN HERNANDEZ,**
**KERLYN NATALIY PEREZ-LOPEZ)**

The Grand Jury further charges:

27.    At all times relevant to this Indictment, Anti-Tren, as described in Paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce. Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

28.    At all relevant times to this Indictment, Anti-Tren, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), as described in Paragraph Six of this Indictment, which is repeated and incorporated by reference as though fully set forth herein.

29.    On or about April 15, 2024, in the Southern District of New York and elsewhere, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to

pay, a thing of pecuniary value from Anti-Tren, and for the purpose of gaining entrance to and maintaining and increasing position in Anti-Tren, an enterprise engaged in racketeering activity, as described above, knowingly and intentionally murdered Adrian Mendoza Isturiz, in that, (a) with the intent to cause the death of Adrian Mendoza Isturiz, MATA, HERNANDEZ, and PEREZ-LOPEZ caused the death of Adrian Mendoza Isturiz; and, (b) under circumstances evincing a depraved indifference to human life, MATA, HERNANDEZ, and PEREZ-LOPEZ recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Adrian Mendoza Isturiz; and aided, abetted, counseled, commanded, induced, procured, and willfully caused the same, to wit, MATA, HERNANDEZ, and PEREZ-LOPEZ aided, abetted, counseled, commanded, induced, procured, and willfully caused a co-conspirator ("CC-1") to shoot Adrian Mendoza Isturiz, in the vicinity of 279 East 149th Street, in the Bronx, New York, which caused the death of Adrian Mendoza Isturiz, in violation of New York Penal Law, Sections 125.25 and 20.00.

## SPECIAL FINDINGS REGARDING THE MURDER OF ADRIAN MENDOZA ISTURIZ

30. Count Eleven of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Eleven, alleging murder in aid of racketeering from the April 15, 2024 murder of Adrian Mendoza Isturiz, YENDER MAYKIER MATA, ERVIN HERNANDEZ a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants:

    a.    were 18 years of age and older at the time of the offense;

    b.    intentionally killed Adrian Mendoza Isturiz (Title 18, United States Code, Section 3591(a)(2)(A));

c.  intentionally inflicted serious bodily injury that resulted in the death of Adrian Mendoza Isturiz (Title 18, United States Code, Section 3591(a)(2)(B));

d.  intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Adrian Mendoza Isturiz died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Adrian Mendoza Isturiz died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.  in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

g.  committed the offense after substantial planning and premeditation to cause the death of Adrian Mendoza Isturiz (Title 18, United States Code, Section 3592(c)(9)); and

h.  intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

31.  Count Eleven of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Eleven, alleging murder in aid of racketeering from the April 15, 2024 murder of Adrian Mendoza Isturiz, YENDER MAYKIER MATA and ERVIN HERNANDEZ a/k/a "Coco," a/k/a "Coquito," the defendants, procured the commission of the

offense by payment, or promise of payment, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(7)).

32.     Count Eleven of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Eleven, alleging murder in aid of racketeering from the April 15, 2024 murder of Adrian Mendoza Isturiz, KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendant, committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)).

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

### COUNT TWELVE
### (Firearms Use, Carrying, and Possession)
### (YENDER MAYKIER MATA, ERVIN HERNANDEZ, KERLYN NATALIY PEREZ-LOPEZ)

The Grand Jury further charges:

33.     On or about April 15, 2024, in the Southern District of New York and elsewhere, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the violent crime in aid of racketeering charged in Count Eleven of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT THIRTEEN
### (Violent Crime in Aid of Racketeering – Murder of Jhombeyker Jose Bisbal Pina)
### (YENDER MAYKIER MATA, ERVIN HERNANDEZ, KERLYN NATALIY PEREZ-LOPEZ)

The Grand Jury further charges:

34.    At all times relevant to this Indictment, Anti-Tren, as described in Paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce.    Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

35.    At all relevant times to this Indictment, Anti-Tren, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), as described in Paragraph Six of this Indictment, which is repeated and incorporated by reference as though fully set forth herein.

36.    On or about April 15, 2024, in the Southern District of New York and elsewhere, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Anti-Tren, and for the purpose of gaining entrance to and maintaining and increasing position in Anti-Tren, an enterprise engaged in racketeering activity, as described above, knowingly and intentionally murdered Jhombeyker Jose Bisbal Pina, in that, (a) with the intent to cause the death of Jhombeyker Jose Bisbal Pina, MATA, HERNANDEZ, and PEREZ-LOPEZ, caused the death of Jhombeyker Jose Bisbal Pina; and, (b) under circumstances

evincing a depraved indifference to human life, MATA, HERNANDEZ, and PEREZ-LOPEZ recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Jhombeyker Jose Bisbal Pina; and aided, abetted, counseled, commanded, induced, procured, and willfully caused the same, to wit, MATA, HERNANDEZ and PEREZ-LOPEZ aided, abetted, counseled, commanded, induced, procured, and willfully caused CC-1 to shoot Jhombeyker Jose Bisbal Pina, in the vicinity of 279 East 149th Street, in the Bronx, New York, which caused the death of Jhombeyker Jose Bisbal Pina, in violation of New York Penal Law, Sections 125.25 and 20.00.

## SPECIAL FINDINGS REGARDING THE MURDER OF JHOMBEYKER JOSE BISBAL PINA

37. Count Thirteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Thirteen, alleging murder in aid of racketeering from the April 15, 2024 murder of Jhombeyker Jose Bisbal Pina, YENDER MAYKIER MATA, ERVIN HERNANDEZ a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants:

      a.     were 18 years of age and older at the time of the offense;

      b.     intentionally killed Jhombeyker Jose Bisbal Pina (Title 18, United States Code, Section 3591(a)(2)(A));

      c.     intentionally inflicted serious bodily injury that resulted in the death of Jhombeyker Jose Bisbal Pina (Title 18, United States Code, Section 3591(a)(2)(B));

      d.     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Jhombeyker Jose Bisbal Pina died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.      intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Jhombeyker Jose Bisbal Pina died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.      in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

g.      committed the offense after substantial planning and premeditation to cause the death of Jhombeyker Jose Bisbal Pina (Title 18, United States Code, Section 3592(c)(9)); and

h.      intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

38.    Count Thirteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Thirteen, alleging murder in aid of racketeering from the April 15, 2024 murder of Jhombeyker Jose Bisbal Pina, YENDER MAYKIER MATA and ERVIN HERNANDEZ a/k/a "Coco," a/k/a "Coquito," the defendants, procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(7)).

39.    Count Thirteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Thirteen, alleging murder in aid of racketeering from the April 15, 2024 murder of Jhombeyker Jose Bisbal Pina, KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendant, committed the offense as consideration for the receipt, or in the

expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)).

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FOURTEEN
### (Firearms Use, Carrying, and Possession)
### (YENDER MAYKIER MATA, ERVIN HERNANDEZ, KERLYN NATALIY PEREZ-LOPEZ)

The Grand Jury further charges:

40.     On or about April 15, 2024, in the Southern District of New York and elsewhere, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the violent crime in aid of racketeering charged in Count Thirteen of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT FIFTEEN
### (Conspiracy to Commit Murder in Aid of Racketeering – Mendoza Isturiz and Bisbal Pina)
### (YENDER MAYKIER MATA, ERVIN HERNANDEZ, KERLYN NATALIY PEREZ-LOPEZ)

The Grand Jury further charges:

41.     At all times relevant to this Indictment, Anti-Tren, as described in Paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign

commerce. Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

42. At all relevant times to this Indictment, Anti-Tren, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), as described in Paragraph Six of this Indictment, which is repeated and incorporated by reference as though fully set forth herein.

43. In or about April 2024, in the Southern District of New York and elsewhere, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Anti-Tren, an enterprise engaged in racketeering activity, as described above, and for the purpose of gaining entrance to and maintaining and increasing position in Anti-Tren, an enterprise engaged in racketeering activity, as described above, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit murder, to wit, MATA, HERNANDEZ, PEREZ-LOPEZ, and others agreed to kill one or more individuals in the Bronx, New York, and as a result of that agreement, one of the conspirators, CC-1, shot and killed Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina in the vicinity of 279 East 149th Street, in the Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

## COUNT SIXTEEN
### (Murder-for-Hire Conspiracy Resulting in Death – Mendoza Isturiz and Bisbal Pina)
### (YENDER MAYKIER MATA, ERVIN HERNANDEZ, KERLYN NATALIY PEREZ-LOPEZ)

The Grand Jury further charges:

44. In or about April 2024, in the Southern District of New York and elsewhere, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to travel in and cause another person to travel in interstate and foreign commerce, and to use and cause another person to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, which resulted in the death of another person, to wit, MATA, HERNANDEZ, and PEREZ-LOPEZ agreed that PEREZ-LOPEZ, among other co-conspirators, would travel from Chicago to New York City and that MATA, HERNANDEZ, and PEREZ-LOPEZ, among other co-conspirators, would use cellphones to communicate with one another, all with the intent that a murder be committed in New York City as consideration for the receipt of multiple items of pecuniary value, including a quantity of a controlled substance, all of which resulted in the death of Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina, whom CC-1 shot and killed in a vehicle on or about April 15, 2024, in violation of Title 18, United States Code Section, 1958.

## SPECIAL FINDINGS REGARDING THE MURDER OF
## ADRIAN MENDOZA ISTURIZ AND JHOMBEYKER JOSE BISBAL PINA

45.     Count Sixteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.  As to Count Sixteen, alleging murder for hire conspiracy resulting in the death on or about April 15, 2024 of Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina, YENDER MAYKIER MATA, ERVIN HERNANDEZ a/k/a "Coco," a/k/a "Coquito," KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants:

a.      were 18 years of age and older at the time of the offense;

b.      intentionally killed Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina (Title 18, United States Code, Section 3591(a)(2)(A));

c.      intentionally inflicted serious bodily injury that resulted in the death of Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina (Title 18, United States Code, Section 3591(a)(2)(B));

d.      intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.      intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.     in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

g.     committed the offense after substantial planning and premeditation to cause the death of Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina (Title 18, United States Code, Section 3592(c)(9)); and

h.     intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

46.    Count Sixteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Sixteen, alleging murder for hire conspiracy resulting in the death on or about April 15, 2024 of Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina, YENDER MAYKIER MATA and ERVIN HERNANDEZ a/k/a "Coco," a/k/a "Coquito," the defendants, procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(7)).

47.    Count Sixteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Sixteen, alleging murder for hire conspiracy resulting in the death on or about April 15, 2024 of Adrian Mendoza Isturiz and Jhombeyker Jose Bisbal Pina, KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendant, committed the offense

as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value (Title 18, United States Code, Section 3592(c)(8)).

(Title 18, United States Code, Section 1958.)

## COUNT SEVENTEEN
### (Conspiracy to Commit Murder in Aid of Racketeering – Intended Victim-1)
### (GUILLERMO ENRIQUE FREITES-VELAZQUEZ, ROIMAN NOI BELLO FERRER)

The Grand Jury further charges:

48.    At all times relevant to this Indictment, Anti-Tren, as described in Paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce.  Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

49.    At all relevant times to this Indictment, Anti-Tren, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), as described in Paragraph Six of this Indictment, which is repeated and incorporated by reference as though fully set forth herein.

50.    Between on or about April 7, 2025 and April 8, 2025, in the Southern District of New York and elsewhere, GUILLERMO ENRIQUE FREITES-VELAZQUEZ and ROIMAN NOI BELLO FERRER, the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Anti-Tren, and for the purpose of gaining entrance to and maintaining and increasing position in Anti-Tren, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder a Tren de Aragua member ("Intended Victim-1") in violation of New York

34

Penal Law, Sections 125.25 and 105.15, to wit, FREITES-VELAZQUEZ and BELLO FERRER agreed with each other to kill Intended Victim-1 in the Bronx, New York.

(Title 18, United States Code, Section 1959(a)(5).)

### COUNT EIGHTEEN
### (Murder-for-Hire Conspiracy – Intended Victim-2)
### (DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN)

The Grand Jury further charges:

51.     From at least in or about February 2025 through at least in or about March 2025, in the Southern District of New York and elsewhere, DAVID VALENCIA-DE LA ROSA and JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to travel in and cause another person to travel in interstate and foreign commerce, and to use and cause another person to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, to wit, VALENCIA-DE LA ROSA and MUJICA-URPIN offered financial support and lodgings to another individual and associate of Anti-Tren (the "Intended Killer") if the Intended Killer killed an individual ("Intended Victim-2") who was living in the

Bronx, New York, who assisted the criminal activities of Anti-Tren, and who was suspected to be speaking to law enforcement about the activities of Anti-Tren.

(Title 18, United States Code, Sections 1958.)

## COUNT NINETEEN
**(Conspiracy to Commit Murder in Aid of Racketeering – Intended Victim-2)**
**(DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN)**

The Grand Jury further charges:

52.  At all times relevant to this Indictment, Anti-Tren, as described in Paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce, Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

53.  At all relevant times to this Indictment, Anti-Tren, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), as described in Paragraph Six of this Indictment, which is repeated and incorporated by reference as though fully set forth herein.

54.  From at least in or about February 2025 through at least in or about March 2025, in the Southern District of New York and elsewhere, DAVID VALENCIA-DE LA ROSA and JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Anti-Tren, and for the purpose of gaining entrance to and maintaining and increasing position in Anti-Tren, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder Intended Victim-2 in violation of New York

Penal Law, Sections 125.25 and 105.15, to wit, VALENCIA-DE LA ROSA and MUJICA-URPIN agreed with each other to kill Intended Victim-2 in the Bronx, New York.

(Title 18, United States Code, Section 1959(a)(5).)

**COUNT TWENTY**
**(Murder-for-Hire Conspiracy – Intended Victim-3)**
**(ROMAIN NOE BELLO FERRER)**

The Grand Jury further charges:

55.    In or about April 2025, in the Southern District of New York and elsewhere, ROMAIN NOE BELLO FERRER, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to travel in and cause another person to travel in interstate and foreign commerce, and to use and cause another person to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, to wit, BELLO FERRER, who was living in the Bronx, New York, agreed to kill a drug dealer living in Florida ("Intended Victim-3") in exchange for cash and jewelry.

(Title 18, United States Code, Sections 1958 and 2.)

**COUNT TWENTY-ONE**
**(Assault with a Dangerous Weapon in Aid of Racketeering)**
**(KELLEN JASPE BUSTAMANTE, JESUS DAVID BARRIOS GARCIA)**

The Grand Jury further charges:

56.    At all times relevant to this Indictment, Anti-Tren, as described in Paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign

37

commerce. Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

57. At all relevant times to this Indictment, Anti-Tren, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), as described in Paragraph Six of this Indictment, which is repeated and incorporated by reference as though fully set forth herein.

58. On or about October 5, 2024, in the Southern District of New York and elsewhere, KELLEN JASPE BUSTAMANTE and JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," the defendants, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Anti-Tren, and for the purpose of gaining entrance to and maintaining and increasing position in Anti-Tren Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and aided and abetted the same, to wit, on or about October 5, 2024, in the vicinity of Crotona Park in the Bronx, New York, BUSTAMANTE, acting at the direction of BARRIOS GARCIA, shot LOPEZ GONZALEZ, an Anti-Tren Enterprise member, in the leg, a form of gang punishment called a "patero," in violation of New York Penal Law, Sections 120.14(1), 120.05(2), and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

### COUNT TWENTY-TWO
**(Firearms Use, Carrying, and Possession)**
**(KELLEN JASPE BUSTAMANTE, JESUS DAVID BARRIOS GARCIA)**

The Grand Jury further charges:

59. On or about October 5, 2024, in the Southern District of New York and elsewhere, KELLEN JASPE BUSTAMANTE and JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho,"

the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon in aid of racketeering charged in Count Twenty-One of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

### COUNT TWENTY-THREE
### (Assault with a Dangerous Weapon in Aid of Racketeering)
### (JESUS DAVID BARRIOS GARCIA, ENRIQUE GUSTAVO BOADA YANEZ)

The Grand Jury further charges:

60. At all times relevant to this Indictment, Anti-Tren, as described in Paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce. Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

61. At all relevant times to this Indictment, Anti-Tren, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), as described in Paragraph Six of this Indictment, which is repeated and incorporated by reference as though fully set forth herein.

62. On or about October 5, 2024, in the Southern District of New York and elsewhere, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," and ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," the defendants, as consideration for the receipt of, and as consideration

39

for a promise and agreement to pay, a thing of pecuniary value from Anti-Tren, and for the purpose of gaining entrance to and maintaining and increasing position in Anti-Tren Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and aided and abetted the same, to wit, in the vicinity of Seattle, Washington, BARRIOS GARCIA ordered ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," among other Anti-Tren members, to shoot CC-1, an Anti-Tren member, in the leg, a form of gang punishment called a "patero," in violation of the Revised Code of Washington, Sections 9A.36.011(1)(a), 9A.36.021(1)(c), and 9A.08.020.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

### COUNT TWENTY-FOUR
#### (Firearms Use, Carrying, and Possession)
#### (JESUS DAVID BARRIOS GARCIA, ENRIQUE GUSTAVO BOADA YANEZ)

The Grand Jury further charges:

63.    On or about October 5, 2024, in the Southern District of New York and elsewhere, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," and ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon in aid of racketeering charged in Count Twenty-Three of this Indictment, knowingly used and carried one or more firearms, and in furtherance of such crime, possessed one or more firearms, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the use, carrying, and possession of one or more firearms, at least one of which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT TWENTY-FIVE
**(Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering)**
**(KELLEN JASPE BUSTAMANTE, JESUS DAVID BARRIOS GARCIA)**

The Grand Jury further charges:

64. At all times relevant to this Indictment, Anti-Tren, as described in Paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce. Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

65. At all relevant times to this Indictment, Anti-Tren, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), as described in Paragraph Six of this Indictment, which is repeated and incorporated by reference as though fully set forth herein.

66. On or about October 5, 2024, in the Southern District of New York and elsewhere, KELLEN JASPE BUSTAMANTE and JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Anti-Tren, and for the purpose of gaining entrance to and maintaining and increasing position in Anti-Tren, an enterprise engaged in racketeering activity, as described above, conspired to assault with a dangerous weapon two individuals, in violation of New York Penal Law, Sections 120.14(1), 120.05(2) and 105.10, to wit, BUSTAMANTE and BARRIOS GARCIA agreed with others to

shoot CC-1 and LOPEZ GONZALEZ in the leg, a form of gang punishment called a "patero," in the Bronx, New York and Seattle, Washington, respectively.

(Title 18, United States Code, Section 1959(a)(6).)

**COUNT TWENTY-SIX**
**(Conspiracy to Commit Hobbs Act Robbery – Robbery Victim-1)**
**(KEISWUEL ORLANDO PALACIOS-MILANO, ANDERSON SMITH ZAMBRANO-PACHECO, YEFERSON PRIETO GALVIZ)**

The Grand Jury further charges:

67.    In or about January 2025, in the Southern District of New York and elsewhere, KEISWUEL ORLANDO PALACIOS-MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," ANDERSON SMITH ZAMBRANO-PACHECO, and YEFERSON PRIETO GALVIZ, a/k/a "Flacot," a/k/a "Flacote," the defendants, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, PALACIOS-MILANO, ZAMBRANO-PACHECO, and PRIETO GALVIZ conspired with others to rob an individual in Yonkers, New York ("Robbery Victim-1") of, among other items, the proceeds of an interstate car resale business.

(Title 18, United States Code, Section 1951.)

## COUNT TWENTY-SEVEN
### (Hobbs Act Robbery – Robbery Victim-1)
### (KEISWUEL ORLANDO PALACIOS-MILANO, ANDERSON SMITH ZAMBRANO-PACHECO, YEFERSON PRIETO GALVIZ)

The Grand Jury further charges:

68.    On or about January 10, 2025, in the Southern District of New York and elsewhere, KEISWUEL ORLANDO PALACIOS-MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," ANDERSON SMITH ZAMBRANO-PACHECO, and YEFERSON PRIETO GALVIZ, a/k/a "Flacot," a/k/a "Flacote," the defendants, and others known and unknown, knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided, abetted, counseled, commanded, induced, and procured the same, to wit, individuals acting in coordination with and at the direction of PALACIOS-MILANO, ZAMBRANO-PACHECO, and PRIETO GALVIZ committed a gunpoint home invasion robbery of Robbery Victim-1 in Yonkers, New York and forcibly took from Robbery Victim-1, among other property, approximately $11,000 of cash proceeds belonging to Robbery Victim-1's interstate car resale business, which did business in, among other places, New York and New Jersey.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT TWENTY-EIGHT
### (Firearms Use, Carrying, and Possession)
### (KEISWUEL ORLANDO PALACIOS-MILANO, ANDERSON SMITH ZAMBRANO-PACHECO, YEFERSON PRIETO GALVIZ)

The Grand Jury further charges:

69.    On or about January 10, 2025, in the Southern District of New York and elsewhere, KEISWUEL ORLANDO PALACIOS-MILANO, a/k/a "Oturache," a/k/a "Inmortalidad,"

ANDERSON SMITH ZAMBRANO-PACHECO, and YEFERSON PRIETO GALVIZ, a/k/a "Flacot," a/k/a "Flacote," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the Hobbs Act robbery charged in Count Twenty-Seven of this Indictment, knowingly used and carried firearms, and in furtherance of such crime, possessed firearms, and aided, abetted, counseled, commanded, induced, and procured the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii), and 2.)

### COUNT TWENTY-NINE
**(Conspiracy to Commit Hobbs Act Robbery – Robbery Victim-2)**
**(KEISWUEL ORLANDO PALACIOS-MILANO, ANDERSON ZAMBRANO-PACHECO, MARIO PEREDA, WILFREDO JOSE AVENDAÑO CARRIZALEZ, CARLOS GABRIEL SANTOS MOGOLLON)**

The Grand Jury further charges:

70.    In or about January 2025, in the Southern District of New York and elsewhere, KEISWUEL ORLANDO PALACIOS-MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," ANDERSON ZAMBRANO-PACHECO, MARIO PEREDA, a/k/a "Cara de Hombre," WILFREDO JOSE AVENDAÑO CARRIZALEZ, a/k/a "Kabuvy," and CARLOS GABRIEL SANTOS MOGOLLON, the defendants, and others known and unknown, knowingly combined, conspired, confederated, and agreed together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, PALACIOS-MILANO, ZAMBRANO-PACHECO, PEREDA, AVENDAÑO CARRIZALEZ, and SANTOS MOGOLLON, conspired with others to rob an individual in the Bronx, New York ("Robbery Victim-2") of the proceeds of a drug trafficking business.

(Title 18, United States Code, Section 1951.)

## COUNT THIRTY
### (Firearms Use, Carrying, and Possession Conspiracy)
### (KEISWUEL ORLANDO PALACIOS-MILANO, ANDERSON ZAMBRANO-PACHECO, MARIO PEREDA, WILFREDO JOSE AVENDAÑO CARRIZALEZ, CARLOS GABRIEL SANTOS MOGOLLON)

The Grand Jury further charges:

71.     In or about January 2025, in the Southern District of New York and elsewhere, KEISWUEL ORLANDO PALACIOS-MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," ANDERSON ZAMBRANO-PACHECO, MARIO PEREDA, a/k/a "Cara de Hombre," WILFREDO JOSE AVENDAÑO CARRIZALEZ, a/k/a "Kabuvy," and CARLOS GABRIEL SANTOS MOGOLLON, the defendants, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

72.     It was a part and an object of the conspiracy that PALACIOS-MILANO, ZAMBRANO-PACHECO, PEREDA, AVENDAÑO CARRIZALEZ, and SANTOS MOGOLLON, the defendants, and others known and unknown, would and did, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951, knowingly use and carry firearms, and, in furtherance of such crime, possess firearms, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

(Title 18, United States Code, Section 924(o).)

**COUNT THIRTY-ONE**
**(Attempted Hobbs Act Robbery – Robbery Victim-2)**
**(KEISWUEL ORLANDO PALACIOS-MILANO, ANDERSON SMITH ZAMBRANO-PACHECO, MARIO PEREDA, WILFREDO JOSE AVENDAÑO CARRIZALEZ, CARLOS GABRIEL SANTOS MOGOLLON)**

The Grand Jury further charges:

73.    Between on or about January 13, 2025 and January 14, 2025, in the Southern District of New York and elsewhere, KEISWUEL ORLANDO PALACIOS-MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," ANDERSON SMITH ZAMBRANO-PACHECO, MARIO PEREDA, a/k/a "Cara de Hombre," WILFREDO JOSE AVENDAÑO CARRIZALEZ, a/k/a "Kabuvy," and CARLOS GABRIEL SANTOS MOGOLLON, the defendants, and others known and unknown, knowingly attempted to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided and abetted the same, to wit, PALACIOS-MILANO, ZAMBRANO-PACHECO, PEREDA, AVENDAÑO CARRIZALEZ, SANTOS MOGOLLON, and other individuals attempted to commit a home invasion gunpoint robbery of Robbery Victim-2 in the Bronx, New York, in order to forcibly take, among other items, the proceeds of Robbery Victim-2's drug trafficking business.

(Title 18, United States Code, Sections 1951 and 2.)

**COUNT THIRTY-TWO**
**(Sex Trafficking by Force, Fraud, and Coercion – Trafficking Victim-1)**
**(LUIS JOSE VELASQUEZ-HURTADO)**

The Grand Jury further charges:

74.    In or about 2024, in the Southern District of New York and elsewhere, LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, in and affecting interstate and foreign

46

commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, to wit, VELASQUEZ-HURTADO knowingly recruited, enticed, harbored, transported, provided, and maintained Trafficking Victim-1, a young woman from Venezuela, including in Manhattan and the Bronx, New York and caused Trafficking Victim-1 to engage in commercial sex acts in the United States, knowing and in reckless disregard of the fact that force, threats of force, fraud and coercion, including the means described above in Paragraph 5.b, would be used to cause Trafficking Victim-1 to engage in commercial sex acts.

(Title 18, United States Code, Sections 1591(a) and (b)(1), and 2.)

### COUNT THIRTY-THREE
### (Kidnapping in Aid of Racketeering – Trafficking Victim-1)
### (LUIS JOSE VELASQUEZ-HURTADO)

The Grand Jury further charges:

75.    At all times relevant to this Indictment, Anti-Tren, as described in Paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce. Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

76.    At all relevant times to this Indictment, Anti-Tren, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code,

Sections 1961(1) and 1959(b)(1), as described in Paragraph Six of this Indictment, which is repeated and incorporated by reference as though fully set forth herein.

77. Between on or about October 3, 2024 and on or about October 4, 2024, in the Southern District of New York and elsewhere, LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Anti-Tren, and for the purpose of gaining entrance to and maintaining and increasing position in Anti-Tren, an enterprise engaged in racketeering activity, as described above, knowingly kidnapped an individual, and aided and abetted the same, to wit, VELASQUEZ-HURTADO ordered another member of Anti-Tren to capture Trafficking Victim-1 in a vehicle and transport her to an Anti-Tren apartment in the Bronx, New York, where VELASQUEZ-HURTADO threatened Trafficking Victim-1 with a firearm and demanded that she pay him money, in violation of New York Penal Law Sections 135.20, 135.25, and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

### COUNT THIRTY-FOUR
**(Unlawful Conduct with Respect to
Documents in Furtherance of Trafficking and Forced Labor – Trafficking Victim-1)
(LUIS JOSE VELASQUEZ-HURTADO)**

The Grand Jury further charges:

78. From on or about October 3, 2024 through on or about January 21, 2025, in the Southern District of New York and elsewhere, LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, did knowingly destroy, conceal, remove, confiscate, and possess any actual and purported passport and other immigration document, and any other actual or purported government identification document, of another person in the course of a violation of section 1591 and with the intent to violate section 1591, and aided and abetted the same, to wit, VELASQUEZ-

HURTADO ordered the confiscation of Trafficking Victim-1's immigration documents to coerce her to engage in commercial sex acts, and Trafficking Victim-1's immigration documents were in fact confiscated and held at an Anti-Tren stash house.

(Title 18, United States Code, Sections 1592(a)(1), (a)(2), (c) and 2.)

## COUNT THIRTY-FIVE
### (Sex Trafficking by Force, Fraud, and Coercion – Trafficking Victim-2)
### (JESUS DAVID BARRIOS GARCIA, ENRIQUE GUSTAVO BOADA YANEZ, JESUS RUBEN LOPEZ GONZALEZ, DANGER LEONER SANCHEZ ALFONZO)

The Grand Jury further charges:

79.    In or about 2024, in the Southern District of New York and elsewhere, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," and DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," the defendants, in and affecting interstate and foreign commerce, knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, and solicited by any means a person, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion, as described in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause the person to engage in a commercial sex act, and aided and abetted, and willfully caused the same, to wit, BARRIOS GARCIA, BOADA YANEZ, LOPEZ GONZALEZ, and SANCHEZ ALFONZO knowingly recruited, enticed, harbored, transported, provided, and maintained Trafficking Victim-2, a young woman from Venezuela, including in Seattle, Washington and the Bronx, New York, and caused Trafficking Victim-2 to engage in commercial sex acts in the United States, knowing and in reckless disregard of the fact that force, threats of force, fraud and coercion, including the means described above in Paragraph 5.b, would be used to cause the Trafficking Victim-2 to engage in commercial sex acts, in violation of 18 U.S.C. § 1591(a).

49

(Title 18, United States Code, Sections 1591(a) and (b)(1), and 2.)

**COUNT THIRTY-SIX**
**(Kidnapping in Aid of Racketeering – Trafficking Victim-2)**
**(JESUS DAVID BARRIOS GARCIA, ENRIQUE GUSTAVO BOADA YANEZ)**

The Grand Jury further charges:

80.     At all times relevant to this Indictment, Anti-Tren, as described in Paragraphs One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce. Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

81.     At all relevant times to this Indictment, Anti-Tren, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), as described in Paragraph Six of this Indictment, which is repeated and incorporated by reference as though fully set forth herein.

82.     In or about 2024, in the Southern District of New York and elsewhere, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," and ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," the defendants, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Anti-Tren, and for the purpose of gaining entrance to and maintaining and increasing position in Anti-Tren, an enterprise engaged in racketeering activity, as described above, knowingly kidnapped an individual, and aided and abetted the same, to wit, BARRIOS GARCIA and BOADA YANEZ, transported Trafficking Victim-2 from Washington to New York, using threats of deadly force and intimidation, for

Trafficking Victim-2 to engage in sex work in New York, in violation of Title 9A of the Revised Code of Washington, Sections 9A.40.020 and 9A.28.020.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

### COUNT THIRTY-SEVEN
**(Assault with a Dangerous Weapon in Aid of Racketeering – Trafficking Victim-2)**
**(JESUS DAVID BARRIOS GARCIA, ENRIQUE GUSTAVO BOADA YANEZ)**

The Grand Jury further charges:

83. At all times relevant to this Indictment, Anti-Tren, as described in One through Five of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce. Anti-Tren constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of Anti-Tren.

84. At all relevant times to this Indictment, Anti-Tren, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), as described in Paragraph Six of this Indictment, which is repeated and incorporated by reference as though fully set forth herein.

85. In or about 2024, in the Southern District of New York and elsewhere, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," and ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," the defendants, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Anti-Tren, and for the purpose of gaining entrance to and maintaining and increasing position in Anti-Tren Enterprise, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon, and aided and abetted the same in the vicinity of Seattle, Washington, to wit,

BARRIOS GARCIA ordered BOADA YANEZ to hit Trafficking Victim-2 in the head with a firearm, which BOADA YANEZ did, in violation of the Revised Code of Washington, Sections 9A.36.021(1)(c) and 9A.08.020.

(Title 18, United States Code, Sections 1959(a)(3) and 2.)

## COUNT THIRTY-EIGHT
### (Firearms Use, Carrying, and Possession)
### (JESUS DAVID BARRIOS GARCIA, ENRIQUE GUSTAVO BOADA YANEZ)

The Grand Jury further charges:

86. In or about 2024, in the Southern District of New York and elsewhere, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," and ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," the defendants, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon in aid of racketeering charged in Count Thirty-Seven of this Indictment, knowingly used and carried one or more firearms, and in furtherance of such crime, possessed one or more firearms, and aided, abetted, counseled, commanded, induced, and procured the use, carrying, and possession of one or more firearms, one or more of which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii), and 2.)

## FORFEITURE ALLEGATIONS

87. As a result of committing the offense alleged in Count One of this Indictment, REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS

RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," ANDERSON JESUS DURAN BERROTERAN, a/k/a "Cachorro," ROIMAN NOE BELLO FERRER, LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, a/k/a "Cara de Hombre," ANDERSON SMITH ZAMBRANO-PACHECO, KEISWUEL ORLANDO PALACIOS MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," YEFERSON ALEJANDRO PRIETO GALVIZ, a/k/a "Flaco T," a/k/a "Flacote," JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," KELLEN ALEJANDRO JASPE BUSTAMANTE, and LUIS ANDRES BELLO-CHACON, a/k/a "Care de Peo," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the offense alleged in Count One of this Indictment including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

88. As a result of committing the offense alleged in Count Two of this Indictment, REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS

GARCIA, a/k/a "Morocho," ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," and DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," ANDERSON JESUS DURAN BERROTERAN, a/k/a "Cachorro," LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, a/k/a "Cara de Hombre," ANDERSON SMITH ZAMBRANO-PACHECO, and JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offense; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offense

89.     As a result of committing the offense alleged in Count Three of this Indictment, REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOSE DAVID VALENCIA-DE LA ROSA, JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," JESUS RUBEN LOPEZ GONZALEZ, a/k/a "Lopez," DANGER LEONER SANCHEZ ALFONZO, a/k/a "Danger," ANDERSON JESUS DURAN BERROTERAN, a/k/a "Cachorro," LUIS MIGUEL RODRIGUEZ-TAPIA, MARIO ANDRES PEREDA, a/k/a "Cara de Hombre," ANDERSON SMITH ZAMBRANO-PACHECO, and JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," the defendants, shall forfeit to the United States, pursuant to Title 8, United States Code, Section

1324(b) and Title 18 United States Code Section 982(a)(6), all conveyances, including any vessel, vehicle, or aircraft, used in the commission of said offense, and all property traceable to such conveyances; the gross proceeds of said offense, and all property traceable to such proceeds; all property, real and personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

90. As a result of committing the offense alleged in Count Four of this Indictment, REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ROIMAN NOE BELLO FERRER, ANDERSON SMITH ZAMBRANO-PACHECO, YEFERSON ALEJANDRO PRIETO GALVIZ, a/k/a "Flaco T," a/k/a "Flacote," YENDER MAYKIER MATA, KELLEN ALEJANDRO JASPE BUSTAMANTE, and LUIS ANDRES BELLO-CHACON, a/k/a "Care de Peo," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

91. As a result of committing the offense alleged in Count Five of this Indictment, REINALDO RAFAEL GONZALES-VALDEZ, a/k/a "Mariguana," a/k/a "Marijuana," JOSE

MANUEL GUERRERO-ZARATE, a/k/a "Mantequilla," JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," GUILLERMO FREITES-VELAZQUEZ, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," ROIMAN NOE BELLO FERRER, ANDERSON SMITH ZAMBRANO-PACHECO, YEFERSON ALEJANDRO PRIETO GALVIZ, a/k/a "Flaco T," a/k/a "Flacote," YENDER MAYKIER MATA, KELLEN ALEJANDRO JASPE BUSTAMANTE, and LUIS ANDRES BELLO-CHACON, a/k/a "Care de Peo," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, or intended to be used in said offense.

92.     As a result of committing the offense alleged in Count Six of this Indictment, LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

93.     As a result of committing the offenses alleged in Count Seven of this Indictment, KELLEN JASPE BUSTAMANTE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, or intended to be used in said offenses, including but not limited to: (a) one cartridge of Fiocchi USA ammunition and (b) one cartridge of ATS Ammunition Suvenir Samokov ammunition.

94. As a result of committing the offenses alleged in Count Eight of this Indictment, ANDERSON SMITH ZAMBRANO-PACHECO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, or intended to be used in said offenses, including but not limited to: a Smith and Wesson Pro Series 9mm pistol bearing serial number UFB0037, one cartridge of Maxxtech ammunition and one cartridge of Federal Cartridge 9mm ammunition.

95. As a result of committing the offense alleged in Count Nine of this Indictment, JHONKENNEDY BRAVO-CASTRO, a/k/a "Negrito," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, or intended to be used in said offense, including but not limited to: (a) a Glock Model 19 9mm pistol bearing serial number BHDA946, (b) a STAG Arms Model Stag-15 rifle bearing serial number W-0026478, (c) a DPMS rifle bearing serial number DNWC012533, (d) two cartridges of Speer ammunition, (e) twelve cartridges of G.F.L. ammunition, and (f) one cartridge of Tulammo ammunition.

96. As a result of committing the offenses alleged in Count Ten of this Indictment, WILFREDO JOSE AVENDAÑO CARRIZALEZ and CARLOS GABRIEL SANTOS MOGOLLON, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, or intended to be used in said offenses, including but not limited to: (a) a Glock 9mm firearm bearing serial number AKF432 and (b) a Taurus 9mm firearm bearing serial number ACH142825.

97. As a result of committing the offenses alleged in Counts Twelve and Fourteen of this Indictment, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, and intended to be used in said offenses.

98. As a result of committing the offense alleged in Count Sixteen of this Indictment, YENDER MAYKIER MATA, ERVIN HERNANDEZ, a/k/a "Coco," a/k/a "Coquito," and KERLYN NATALIY PEREZ-LOPEZ, a/k/a "Mou," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

99. As a result of committing the offense alleged in Count Eighteen of this Indictment, DAVID VALENCIA-DE LA ROSA and JOHAN CARLOS MUJICA-URPIN, a/k/a "Sobrino," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

100. As a result of committing the offense alleged in Count Twenty of this Indictment, ROMAIN NOE BELLO FERRER, the defendant, shall forfeit to the United States, pursuant to

Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

101. As a result of committing the offenses alleged in Counts Twenty-Three and Twenty-Five of this Indictment, KELLEN JASPE BUSTAMANTE and JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, and intended to be used in said offenses.

102. As a result of committing the offenses alleged in Counts Twenty-Six, Twenty-Seven, and Twenty-Nine of this Indictment KEISWUEL ORLANDO PALACIOS-MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," ANDERSON ZAMBRANO-PACHECO, YEFERSON PRIETO GALVIZ, a/k/a "Flacot," a/k/a "Flacote," MARIO PEREDA, a/k/a "Cara de Hombre," WILFREDO JOSE AVENDAÑO CARRIZALEZ, a/k/a "Kabuvy," and CARLOS GABRIEL SANTOS MOGOLLON, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the following specific property: (a) $11,000 of United States currency; (b) a gold necklace with a gold bear pendant; (c) two gold necklaces with cross pendants; (d) two gold chain necklaces with no pendants; (e) two gold bracelets; (f) a silver watch; and (g) three gold rings.

103. As a result of committing the offenses alleged in Counts Twenty-Eight and Thirty of this Indictment, KEISWUEL ORLANDO PALACIOS-MILANO, a/k/a "Oturache," a/k/a "Inmortalidad," ANDERSON SMITH ZAMBRANO-PACHECO, YEFERSON PRIETO GALVIZ, a/k/a "Flacot," a/k/a "Flacote," MARIO PEREDA, a/k/a "Cara de Hombre," WILFREDO JOSE AVENDAÑO CARRIZALEZ, a/k/a "Kabuvy," and CARLOS GABRIEL SANTOS MOGOLLON, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, and intended to be used in said offenses.

104. As a result of committing the offenses alleged in Counts Thirty-Two and Thirty-Four of this Indictment, LUIS JOSE VELASQUEZ-HURTADO, a/k/a "Chito," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offenses; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offenses.

105. As a result of committing the offense alleged in Count Thirty-Five of this Indictment, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," and ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594, any and all property, real and personal, involved in, used, or intended to be used to commit or to facilitate the commission of said offense; any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly,

as a result of said offense; and any and all property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and proceeds traceable to the commission of said offense.

106. As a result of committing the offenses alleged in Count Thirty-Eight of this Indictment, JESUS DAVID BARRIOS GARCIA, a/k/a "Morocho," and ENRIQUE GUSTAVO BOADA YANEZ, a/k/a "Chino," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, and intended to be used in said offense.

107. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), and Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c),

to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 8, United States Code, Section 1324;
Title 18, United States Code, Sections 924(d), 981, 982, 1594, and 1963;
Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461.)

FOREPERSON

JAY CLAYTON
United States Attorney